# Wilson *v.* Startzman & Fox, Appellants.

*Practice, C. P.—New trial—Discretion of court—Appeals—Assignments of error—Insufficiency.*

The refusal to grant a new trial will not be reversed by the appellate court in the absence of any evidence of abuse of judicial discretion.

Assignments of error cannot be considered on appeal where no exception was taken to the action of the court at the time of the trial.

Argued October 23, 1919.   Appeal, No. 220, Oct. T., 1919, by defendants, from judgment of Municipal Court of Philadelphia, Dec. T., 1918, No. 332, on verdict for plaintiff in case of William S. Wilson, Paul J. Startzman and George Fox, copartners, trading as the Philadelphia Casket Hardware Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Affirmed.

Assumpsit on contract of employment.   Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $617.34.   Defendant appealed.

*Error assigned,* among others, was refusal to grant a new trial.

*Samson McDowell,* for appellants.

*Horace Michener Schell,* for appellee.

PER CURIAM, February 28, 1920:

The plaintiff's right to recover in this case depended upon the evidence he adduced in support of his claim. Every material item he urged was denied by the defendant.   The disputed facts were fairly and fully submitted to a jury, and the verdict returned was fully warranted by the evidence adduced.   The appellant's principal grievance is that the court refused to grant a new trial, but in urging the question he does not present any sufficient reason to warrant this court in holding that there was any abuse of discretion.   A number of the assignments cannot be considered for the reason that there was

no exception taken to the action of the court, and we must assume that the appellant did not at that time feel that there was any error committed in the orders made. The dispute was purely one of fact, and was properly referred to the only tribunal authorized to dispose of it.

The judgment is affirmed.